UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey Baisden,                                    Case No. 1:20-cv-01445

           Petitioner

v.                                                MEMORANDUM OPINION
                                                      AND ORDER

Annette Chamber-Smith,

           Respondent

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Jeffrey Baisden filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is a state prisoner incarcerated in the Richland Correctional Institution, serving a two-and-a-half-year sentence from Morrow County, Ohio, imposed in 2018 for assault and obstructing official business. In his Petition, he contends that all prisons are inherently unable to protect inmates from the Covid-19 global pandemic creating conditions of confinement that subject them all to cruel and unusual punishment. He suggests that the only way adequate way to address the problem is to reduce the prison population. He indicates he has served the majority of his sentence, and seeks immediate release from prison, imposition of no more than one year supervised release time, an Order prohibiting his return to prison for reasons other than a new conviction, financial and resource support to reenter the community, and monitoring of the prison system to ensure that he does not contract the virus prior to his release. For the reasons set forth below, the Petition is denied, and this action is dismissed.

Petitioner contends Ohio prisons cannot adequately protect inmates from contracting Covid-19. He cites to the number of cases the Ohio Department of Rehabilitation and Correction ("ODRC") reported in Ohio prisons in April 2020. The current statistics available on the ODRC website, as of an update dated November 10, 2020, indicate that to date 1,732 Ohio prison staff members tested positive for Covid-19.[1] Five of them died of Covid-related conditions, but 1,478 have recovered. There are currently 199 inmates in the Ohio prison system who test positive for Covid-19, and 2,590 inmates are currently housed in quarantine conditions, with 259 housed in isolation.[2] To date, 104 confirmed Covid- 19 related inmate deaths were reported with another 7 inmate deaths listed as probable Covid-19 related illnesses.

These deaths of both staff and inmates were attributed at a number of ODRC institutions. At Richland Correctional Institution (RICI), where Petitioner is incarcerated, 106 staff members who have tested positive, with 95 recovered. There are no staff deaths reported at RICI.

Of the inmate population at RICI, 33 inmates are currently in quarantine, with one in isolation, and 105 recovered. One inmate is currently reported Covid-19 positive, and historically there are two confirmed deaths and five probable Covid-19 related deaths. Petitioner cites to the overall conditions in Ohio prisons, particularly those institutions hardest hit by the virus, and contends prisons cannot be made safe to protect inmates from contracting the virus. He indicates most of the prisons do not have actual cells, but offer more open floorplan housing such as cubicles, making true social distancing difficult. He alleges there are not sufficient masks or gloves for inmates. He states that prisons are overcrowded, and the only way to effectively control the spread of the virus is to reduce the prison population. He states he has served all but six months of his

---

[1] *See* https://www.drc.ohio.gov/Organization/Research/Reports/COVID-19-Information
[2] The ODRC clarifies that inmates are quarantined if they have been exposed or who were potentially exposed to the virus. Inmates are placed into isolation if they test positive or become sick with Covid-19 symptoms. Quarantine separates inmates from the general population and restricts their movement.

2

sentence and suggests he is a good candidate for early release. Petitioner asks me to order his release from prison and order a modification of his post release control to limit its duration and the conditions under which he could be reincarcerated. He also sees an order for financial support upon his release and monitoring of prison conditions until he is released.

## STANDARD OF REVIEW

First, Petitioner filed this action under 28 U.S.C. § 2241 which provides for general habeas relief. Petitioner is also a state prisoner. State prisoners have a habeas remedy available under 28 U.S.C. § 2254. It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997). The Sixth Circuit clarified that "all petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction. R*ittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001). Therefore, regardless of the statutory label Petitioner placed on the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254 and are subject to all of its requirements. *Rittenberry*, 468 F.3d 331, 337-38.

Under 28 U.S.C. § 2254(b)(1)(A), an application for a writ of habeas corpus by a state prisoner may not be granted unless it appears that the Petitioner has exhausted all "remedies available in the courts of the State." *Hanna v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). Exhaustion requires a Petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-48 (1999); *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). To fulfill the exhaustion requirement, a Petitioner

3

must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

## DISCUSSION

Here, Petitioner does not demonstrate that he exhausted his state court remedies. Early release is a remedy available through the sentencing court. Petitioner gives no indication that he has raised this issue with the state court to allow them the opportunity to address his concerns. Moreover, the state courts and the Ohio Department of Rehabilitation and Correction are in the best position to determine how to best address the protection of prisoners during the pandemic and which prisoners, if any, can or should be released to control the spread of the Covid-19. Because Petitioner did not exhaust his state court remedies, this Petition must be dismissed as premature.

## CONCLUSION

Accordingly, the Petition is dismissed without prejudice pursuant to pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, I CERTIFY pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge